UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THE REV. DR. MICHAEL A. NEWDOW, IN PRO PER,

    Plaintiff,

v.

THE CONGRESS OF THE UNITED STATES OF AMERICA, et al.,

    Defendants.

_____/

NO. CIV. S-05-2339 FCD PAN

----oo0oo----

This matter is before the court on a motion to intervene filed by applicant Pacific Justice Institute ("PJI" or "applicant"). Plaintiff, the Rev. Dr. Michael A. Newdow, ("plaintiff") does not oppose applicant's intervention.[1]  For the

---

[1] Defendants have not filed a response to applicant's motion to intervene.

reason's set forth below,[2] applicant's motion to intervene as a defendant is GRANTED.

## BACKGROUND[3]

On November 18, 2005, plaintiff filed a complaint in this court, seeking declaratory and injunctive relief regarding the use of the phrase "In God We Trust" as the national motto that is also printed on United States currency. (Compl., filed Nov. 18 2005). The complaint names as defendants the Congress of the United States of America, Peter Lefevre as Law Revision Counsel, the United States of America, John William Snow as Secretary of the Treasury, Henrietta Holsman Fore as Director of the United States Mint, and Thomas A. Ferguson as Director of the Bureau of Engraving and Printing. (Id.) On November 29, 2005, applicant PJI filed a motion to intervene as a defendant in the action. (Applicant's Mot. to Intervene, filed Nov. 29, 2005 ("Mot. to Intervene")).

PJI is a Sacramento-based non-profit legal organization dedicated to the preservation of religious and civil liberties. (Aff. of Brad. W. Dycus in Supp. of Application Mot. to Intervene ("Dycus Aff."), filed Nov. 29, 2005, ¶ 2). PJI has represented numerous individuals, houses of worship, and religious organizations which have been treated unjustly due to their religious preferences. (Id. ¶ 3). PJI's mission and function is to represent the interests of people of faith. (Id. ¶ 11). PJI

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

[3] Facts relating to the instant motion are drawn from plaintiff's complaint and applicant's Motion to Intervene. These facts are provided for background purposes only.

seeks to intervene as a defendant in this matter because it believes that plaintiff's lawsuit "would seriously undermine Pacific Justice Institute's organizational mission to protect religious liberty, including public expression of religious heritage." (Id. ¶ 17).

PJI brings this motion for intervention as of right or for permissive intervention. In the alternative, PJI requests that it be granted amicus status in the pending litigation.

**STANDARD**

Federal Rule of Civil Procedure 24[4] provides two grounds for intervention in federal court: intervention as of right and permissive intervention.

Rule 24(a) governs applications for intervention as of right.[5] In the absence of a statute conferring an unconditional right to intervene, the applicant must demonstrate that: (1) the application is timely; (2) the applicant has an interest in the subject matter of the litigation; (3) absent intervention, applicant's interest will be impaired; and (4) the existing parties inadequately represent the applicant's interests. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The focus of the court's inquiry should be the

---

[4] All further references to the Rules are to the Federal Rules of Civil Procedure, unless otherwise noted.

[5] Rule 24(a)(2) provides: "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

3

effect on the applicant, not on other parties to the litigation. See 6 William Moore's Federal Practice 3d Ed. § 24.03(1)(c) (2003). The rule is construed broadly in favor of the applicants. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995).

Applicants also may seek permissive intervention under Rule 24(b), which provides:

> "Upon timely application, anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising it discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Unlike intervention as of right, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor. See Moore's Federal Practice 3d Ed. § 24.10(1)(2003).

In reviewing a motion to intervene, the court generally should accept as true the allegations and evidence submitted by the applicant. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819-820 (9th Cir. 2001).

**ANALYSIS**

**I.   Intervention as of Right**

Plaintiff first asserts that it should be permitted to intervene as of right under Federal Rule of Civil Procedure 24(a).

**A.   Timeliness**

Timeliness is "the threshold requirement" for intervention as of right. United States v. Oregon, 913 F.2d 576, 588 (9th

4

Cir. 1990).  If the court finds "that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24."  Wilson, 131 F.3d at 1302 quoting United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996).  In determining whether a motion is timely, the court considers: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay.  United States ex rel. McGough v. Covington Techs., 967 F.2d 1391, 1394 (9th Cir. 1992).  "[A]ny substantial delay weighs heavily against intervention."  Wilson, 131 F.3d at 1302. (citations omitted).

Here, the action was filed on November 18, 2005, and the motion to intervene was filed on November 29, 2005.  This motion was brought at the outset of litigation, prior to the filing of any response by the named defendants and prior to the issuance of a pretrial scheduling order.  See Sierra Club v. U.S. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993) (upholding trial court's finding that application was timely where filed before defendant had filed its answer).  There is no evidence that intervention by applicant will prejudice any existing party.  Accordingly, the court finds that applicant's motion to intervene was timely filed.

**B.   Interest in the Subject Matter**

In addition to filing a timely motion, applicant must show that it has an interest in the subject matter of the litigation. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983).  "A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported."  Idaho Farm Bureau Fed'n, 58 F.3d at 1397

5

(citations ommitted) (upholding intervention by conservation group that had participated in the listing of endangered species in a suit alleging substantive and procedural violations of the Endangered Species Act); Sagebrush Rebellion, 713 F.2d at 527.

Applicant's mission is the preservation of religious liberty, including public expressions of the nation's religious history and heritage. (Dacus Aff. ¶ 17; Mot. to Intervene at 4). Applicant has represented individuals, houses of worship, and religious organizations which have been treated unjustly due to their religious preferences. (Dacus Aff. ¶ 3). Applicant also assists governmental entities which are attacked for public acknowledgments of America's religious heritage. (Id. ¶ 5). Applicant asserts that the interpretation of the Establishment Clause and the constitutionality of the motto "In God We Trust" in the present action will affect PJI's mission and activities. Given the Ninth Circuit's holding that Rule 24 should be construed broadly in favor of the applicant, applicant has an interest in the subject matter of the litigation. See Idaho Farm Bureau Fed'n, 58 F.3d at 1397.

**C.   Impairment of Applicant's Interest**

Applicant next must demonstrate that, absent intervention, its interests in the litigation will be impaired. Id. Applicant argues that the ability of PJI to defend expressions of religious heritage will be severely hindered if the court declares the government's use of phrase "In God We Trust" unconstitutional. It is PJI's position that the removal of the motto "from the public square will have a serious, detrimental effect on

Americans' awareness and appreciation" of the nation's religious heritage. (Dacus Aff. ¶ 14).

The mission of PJI is to "defend [the] nation's religious heritage against overly-restrictive interpretations of the Establishment Clause." (Id. ¶ 7). It is also PJI's mission and function to represent the interests of people of faith. (Id. ¶ 11). An adverse decision in this suit would impair PJI's ability to defend and promote American religious history and heritage. See Sagebrush Rebellion, 713 F.2d at 527 (finding that a conservation group's interest would be impaired because an adverse decision would impair its mission of preserving birds and their habitats).

**D.  Adequacy of Representation**

Finally, the applicant must demonstrate that the party on whose side it seeks to intervene is not capable or willing to make the intervenor's arguments. See Idaho Farm Bureau Fed'n, 58 F.3d at 1398. "The burden of making this showing is minimal." Pacific Gas & Elec. Co. v. Lynch, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (citing Sagebrush Rebellion, 713 F.2d at 528). Applicant may satisfy this burden by demonstrating that the representation of their interests *may be* inadequate. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1971). The Ninth Circuit

> considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

7

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing California v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986)).

The defendants in the current action are all government and political actors or bodies. As such, defendants have various competing interests to consider in asserting arguments and defenses in this claim. PJI is a non-profit organization with the goal of preserving the public expression of American religious history and heritage. (Mot. to Intervene at 7). As such, PJI's goals and interests differ from those of the defendants. Thus, the defendants cannot necessarily be counted on to make the same arguments as PJI.

Accordingly, because the four factor analysis under Rule 24(a) has been satisfied, applicant is entitled to intervene as of right.

**II.  Permissive Intervention**[6]

Applicant also seeks permissive intervention pursuant to Rule 24(b). In order to intervene permissively, applicant first must identify a common question of law or fact with the original matter.[7] Fed. R. Civ. P. 24(b). Here, applicant argues that its interest in protecting the public expression of religious heritage will be impaired by an adverse judgment in this matter. Applicant also asserts that its activities include defending the

---

[6] While the court has found that applicant is entitled to intervene as of right pursuant to Rule 24(a), the court considers applicant's motion in the alternative to permissively intervene pursuant to Rule 24(b).

[7] Timeliness also is a prerequisite for permissive intervention. The court has found applicant's motion timely. See Section I.A., above.

nation's religious heritage "against overly-restrictive interpretations of the Establishment Clause."

PJI seeks to interpose defenses that share common factual and legal questions as those raised in the main action which alleges violations of the Establishment Clause through the use of the motto "In God We Trust."  (Mot. to Intervene at 9).  Therefore, the court grants applicant's motion for permissive intervention.

## CONCLUSION

For the reasons stated above, applicant's motion to intervene as of right pursuant to Rule 24(a) is GRANTED.  In the alternative, applicant's motion for permissive intervention is GRANTED.

IT IS SO ORDERED.
DATED: January 6, 2006.

>                            /s/ Frank C. Damrell Jr.
>                            FRANK C. DAMRELL, JR.
>                            United States District Judge